# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LOUIS SOILEAU,

        Movant,

        v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 16-01125-CV-W-HFS-P
Crim. No. 11-00013-01-CR-W-HFS

## GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

The respondent, the United States of America, provides the following suggestions in opposition to Louis Soileau's untimely motion under 28 U.S.C. § 2255 seeking to vacate his sentence based on *Johnson v. United States*, 576 U.S. —, 135 S.Ct. 2551 (2015):

## I. Summary

Soileau pleaded guilty to a charge of being a felon in possession of a firearm and was sentenced as an armed career criminal to 180 months' imprisonment. Soileau now has filed a motion under § 2255 seeking to vacate his conviction. Soileau relies upon the Supreme Court decision in *Johnson v. United States*, 576 U.S. —, 135 S.Ct. 2551 (2015), as the grounds for his motion. That case invalidated the residual clause of the ACCA and, as a result, some prior convictions no longer qualify as violent felonies under the ACCA.

In his petition, Soileau claims that the convictions for burglary are no longer crimes of violence. However, the Government requests that this Court deny Soileau's motion

seeking to vacate his conviction because Soileau failed to file his § 2255 motion within one year of *Johnson*, and therefore his request must be rejected as untimely.

## II. Procedural History

On January 6, 2011, a complaint was filed charging Louis Soileau with being a felon in possession of a firearm. (Crim. D.E. 1.) [1] On January 25, 2011, Louis A. Soileau was indicted on three counts of being a felon in possession of a firearm, in violation of § 924(e). (D.E. 13.) On June 23, 2011, Soileau pled guilty to Count Three of the indictment. (D.E. 26.) However, the parties disagreed over whether or not Soileau had the three prior violent felonies under § 924(e), the Armed Career Criminal Act (ACCA), to qualify for the 15-year statutory minimum, and left "that issue open for [the court] to resolve." (Plea Tr. 2-3.)

On October 27, 2011, the district court conducted a sentencing hearing where the issue arose as to whether the district court could refer to the charging documents in order to determine whether the prior convictions were violent felonies. (Sent. Tr. I at 4-21.) The district court requested further briefing, and the Government filed a sentencing memorandum on October 31, 2011. (D.E. 33.)

On November 14, 2011, in addition to considering the Government's sentencing memorandum, the court heard additional argument on Soileau's objections to the PSR, and concluded that Soileau was subject to the enhanced penalty under § 924(e), and thus qualified as an armed career criminal under § 4B1.4. (Sent. Tr. II at 3-5, 6-7.) Soileau was

---

[1]"Crim. D.E." refers to the criminal docket entries in Soileau's underlying Case No. 11-00013-01-CR-W-HFS.

sentenced to 180 months' imprisonment, which was the minimum sentence under § 924(e). (D.E. 37.)

On January 25, 2011, a federal grand jury returned an indictment charging Soileau in three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Crim. D.E. 11.) On June 23, 2011, Soileau pled guilty to Count Three of the indictment. (Crim. D.E. 26.)

On November 3, 2011, Soileau was sentenced to 180 months in custody. (Crim. D.E. 35, 37.)

Soileau appealed the court's finding that he was an armed career criminal based upon two of his convictions from Louisiana for "simple burglary" under La. Rev. Stat. § 14.62. The court of appeals rejected Soileau's claim, holding that the court properly found the burglary convictions to be violent felonies under § 924(c) because they involved "buildings." *United States v. Soileau*, 686 F.3d 861 (8th Cir. 2012).

Soileau filed this petition pursuant to 28 U.S.C. § 2255 on October 17, 2016, more than a year after *Johnson*.[2]

---

[2]Attached to Soileau's motion is a letter stating he mailed a similar or identical § 2255 motion on June 23, 2016, which would make that motion timely under *Johnson*. No such motion was docketed by the court or received by the Government, so the record is devoid of any evidence supporting this assertion. Obviously, a defendant cannot avoid the time requirements of § 2255(f) merely by claiming, without any basis in the record, that his untimely motion is a duplicate of, or identical to, a prior, timely § 2255 motion that was never delivered and mysteriously disappeared.

### III.  Argument and Authorities

**A.**  **_Soileau's Petition for Permission to File a Successive § 2255 Motion Should Be Denied Because It is Untimely_**

A one-year period of limitation applies to motions filed under § 2255, running from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was impeded due to that government action; (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

*Johnson* was decided on June 26, 2015.  As a result, the deadline for *Johnson*-based applications was June 27, 2016 (since June 26, 2016, was a Sunday).  *See Dodd v. United States*, 545 U.S. 353, 358 (2005) (holding that the one-year statute of limitations for both "initial [§ 2255] motions as well as second or successive ones" begins to run on the date the Supreme Court initially recognizes a new rule, not the date it makes the rule retroactive).

Soileau did not file the instant petition seeking relief under § 2255 with this Court until October 17, 2016.  As a result, there is no circumstance under which Soileau's petition may be considered timely.  Soileau has failed to file the instant motion within one year of the *Johnson* decision; therefore, this motion must be dismissed as untimely by the court.

-4-

*Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999); *Campa-Fabela v United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). This Court has made it clear that a district court is precluded from considering the merits of claims filed in an untimely manner. *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

The second of the possible deadlines for Soileau's § 2255 motion to vacate is one year from the date on which his conviction became final. As noted above, Soileau was sentenced on November 3, 2011, with the judgment and commitment being filed on November 14, 2011. Soileau's appeal was denied on August 2, 2012. There is no doubt that Soileau's motion is untimely under § 2255(f)(1).

### IV.    <u>Conclusion</u>

Based upon the foregoing, the United States respectfully requests that Soileau's motion under 28 U.S.C. § 2255 seeking to vacate his sentence be denied as untimely.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By    */s/ Paul S. Becker*

PAUL S. BECKER
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Respondent*

**<ins>CERTIFICATE OF SERVICE</ins>**

The undersigned hereby certifies that a copy of the foregoing was delivered on December 20, 2016, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record and mailed to the movant at:

> Louis A. Soileau
> Reg. No. 22824-045
> United States Penitentiary – Tuscon
> P.O. Box 24550
> Tuscon, Arizona  85734

> */s/ Paul S. Becker*
> Paul S. Becker
> Assistant United States Attorney