IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MISSOURI

WESTERN DIVISION


LOUIS SOILEAU,

        Movant,


vs.                  Civil No. 16-01125-CV-W-HFS-P

                        Crim. No. 11-00013-01-CR-W-HFS

UNITED STATES OF AMERICA,

        Respondent.


MOVANT'S REPLY TO GOVERNMENT'S RESPONSE AND SUGGESTION

IN OPPOSITION TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255


NOW COMES the Movant, Louis Soileau, and would hereby submit this reply to the Government's Response and Suggestions in Opposition to Movant's Motion Under 28 U.S.C. § 2255 (Doc.7).


I. INTRODUCTION


On June 23, 2016, Mr. Soileau completed four preprinted § 2255 forms previously provided to him by an Education staff person. On that same day, Mr. Soileau signed and dated each of the § 2255 forms, and then placed three of the completed § 2255 forms into a legal manilla envelope, which he then sealed. Mr. Soileau then addressed the envelope

Case 4:16-cv-01125-RK   Document 12   Filed 02/27/17   Page 1 of 13

to the Clerk of Courts Office, clearly marked the envelope "Special Mail," and did attach adequate first-class postage to said envelope. Mr Soileau then deposited the envelope with prison authorities working in the Security Housing Unit for timely forwarding to this Court.

In Mr. Soileau's § 2255 motion(s) he asserted that pursuant to Johnson v. United States, 576 U.S. --, 135 S. Ct. 2551 (2015) his ACCA enhancement was unconstitutional. The Government responded contending that Movant's motion was untimely filed pursuant to the rules governing 28 U.S.C. § 2255(f). Mr. Soileau submits that his § 2255 motion is timely under the mailbox rule, as such, the Government's assertion of untimely filing is without merit. Additionally, Mr. Soileau would submit that his § 2255 motion is also timely based upon the doctrine of equitable tolling.

## II. RESPONSE

### LAW & ARGUMENT

### I. MR. SOILEAU IS ENTITLED TO THE MAILBOX RULE

In this instance, the Government's sole contention is that Mr. Soileau's motion is time barred pursuant to the rules governing § 2255(f). However, the Government's response makes no mention to those applicable laws or rules that govern filings, including any time limits upon delivery, for persons who are proceeding without the assistance of counsel and are incarcerated.

i. MAILBOX RULE

In Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), the U.S. Supreme Court held that a document is considered filed when the document is "deliver[ed] to prison authorities." Id. at 276. This rule is commonly referred to as the prison mailbox rule. See also Grady v. United States, 269 F.3d 913, 916-18 (8th Cir. 2001).

Within the Eighth Circuit, the benefits of the prison mailbox rule of Rule 4(c) was applied to federal prisoner who move for relief under § 2255. Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999). While gradually expanding the scope of the prison mailbox rule within the Eighth Circuit, the Court has sought to maintain a uniform construction of the rule irrespective of context. In doing so, the Court has closely hewed to the requirements of Rule 4(c) in determining whether a prisoner may benefit from the prison mailbox rule. See Nichols v. Bowersox, 172 F.3d 1068, 1077 n. 5 (8th Cir. 1999)("For the sake of consistency, we adopt the same requirements for [a habeas petition] by a pro se inmate as applies to notices of appeals pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure."). Under Eighth Circuit jurisprudence, then, a prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of Rule 4(c) whether he files a notice of appeal, a habeas petition, or a § 2255 motion. See Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001).

The current version of Rule 4(c)(1) provides, in pertinent part, that:

"[I]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day of filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

As required by Rule 4(c)(1), **Mr.** Soileau would submit an Affidavit under 28 U.S.C. § 1746 that attests to his initial § 2255 motion(s) being deposited with prison authorities on June 23, 2016, including first-class postage being pre-paid. See attached EXHIBIT 1. Additionally, a review of page fourteen of the § 2255 motion currently on file with the Court itself included a sworn averment that states the date Mr. Soileau deposited his § 2255 motion with prison authorities (Doc.1). In this instance, Mr. Soileau did declare, under the penalty of perjury, that he placed his motion(s) into the prison mailing system on June 23, 2016. See attached EXHIBIT 2.

In conjunction with his Affidavit, Mr. Soileau would also submit page one of the preprinted § 2255 motion now on file with the Court. See attached EXHIBIT 3. The instructions found on page one direct a party to mail the original and two

additional copies to the Clerk, United States District Court for _____. As to Mr. Soileau mailing a copy to the Government on June 23, 2016, page one gave no instructions for a party to also serve the Government a copy -- had it done so, Mr. Soileau would have complied with those instructions also.

As it pertains to the mailbox rule, Mr. Soileau acted with diligence by writing the Court an inquiry letter in September, 2016, after not hearing from the Court regarding his June 23, 2016 mailing.[1] That after being notified that his previously mailed § 2255 motions were never received or filed, Mr. Soileau mailed his own hand written copy to the Court which was received and then filed on October 17, 2016.[2] Mr. Soileau also submitted a letter with his re-submission that did attempt to explain his previous June, 2016 filing effort to the Court.[3] Such diligence lends credence to Mr. Soileau's assertion he previously mailed three § 2255 motions to the Court on June 23, 2016.

---

[1]Prisoners housed in the Security Housing Unit do not have access to a photo-copier, as such, Mr. Soileau was unable to make a copy of the inquiry letter he mailed the Court in September, 2016. The Court should have that letter on file.

---

[2]Mr. Soileau had to hand write out four separate copies of the preprinted § 2255 forms that Education staff provided to him during tier rounds in the Security Housing Unit in early June, 2016. Upon completing all four forms, Mr. Soileau mailed three forms to the Clerk of the Court on June 23, 2016. The fourth form was retained by Mr. Soileau for his records -- the same retained copy that Mr. Soileau later mailed to this Court in October, 2016 after learning his June 23, 2016 mailing had not reached the Court for filing.

---

[3]Mr. Soileau does not have access to a photo-copier, as such, he does not have a copy of that letter he included with his § 2255 motion re-submission in October, 2016. The Court should have that letter on file.

Mr. Soileau would make the Court aware that prison authorities at USP Tucson do require all general population prisoners' to bring their outgoing legal mail to a specified designation Monday's thru Friday's, however, inmates housed in the Security Housing Unit cannot comply with that mailing directive. In the Security Housing Unit, outgoing legal mail is treated the same as outgoing regular mail -- a prisoner places the outgoing legal mail under his cell door for pick-up by staff making tier rounds.

II. MR. SOILEAU IS ENTITLED TO EQUITABLE TOLLING

In 2010, the U.S. Supreme Court held that under certain circumstances, the statute of limitations under the Antiterrorism and Effective Death Penalty Act ('AEDPA') of 1996 may be tolled for equitable reasons. See Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). The holding in Holland is based upon the fact that the statute of limitations under the AEDPA is not jurisdictional, and does not set forth an "inflexible rule requiring dismissal whenever" its "clock has run." Id. (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)).

In the Eighth Circuit, the doctrine of equitable tolling has been extended to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an

extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010)(citing Holland, 560 U.S. at 649)). "'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.'" Gordon v. Arkansas, 823 F.3d 1188, 1195 (8th Cir. 2016)(citing Holland, 560 U.S. at 653)). "Equitable tolling only applies when the circumstances that caused the delay in filing are 'external to the plaintiff and not attributable to his actions.'" United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2005)(citing Maghee v. Ault, 410 F.3d 437, 476 (8th Cir. 2005)(additional citation omitted).

### i. MR. SOILEAU HAD "EXTRAORDINARY CIRCUMSTANCES" THAT PREVENTED HIS TIMELY FILING OF HIS MOTION

In the present case, Mr. Soileau has continually been housed in the Security Housing Unit at the United States Penitentiary in Tucson, Arizona since April 10, 2016. See attached EXHIBIT 4. Unlike general population prisoners, prisoners housed in the Security Housing Unit remain on 24 hour lockdown -- the few exceptions are strict controlled movements like visiting, medical care, recreation, or inmate law library use. Therefore, prisoners housed in the Security Housing Unit are provided all their basic needs, i.e, meals, hygiene supplies, writing material, mail services, and clothing by staff. As previously outlined herein, a prisoner deposits his outgoing legal mail under his cell door. At some point, a staff person making tier rounds will pick-up deposited outgoing mail. Once picked-up by staff, a prisoner

becomes wholly dependent upon prison authorities to timely process and forward their mailings. After Mr. Soileau deposited three hand written § 2255 motions with prison authorities on June 23, 2016 for forwarding to this Court, he relinquished all control over that mailing, including whether it was actually mailed or if it actually reaches the Court for filing.

Unfortunately, the loss, delay, or mishandling of prisoner legal filings by either prison authorities, the United States Postal Service, or other unknown means is a common occurrence within the United States prison system -- one need only look within the Eighth Circuits own case decisions, as well as that of other circuits, to find such examples. See Grady v. United States, 269 F.3d 913, 916-917 (8th Cir. 2001)(citing United States v. Grady, 182 F.3d 762, 765-766 (10th Cir. 1999)).

### ii. MR. SOILEAU PURSUED HIS RIGHTS DILIGENTLY

On April 18, 2016, the U.S. Supreme Court decided Welch v. United States, 136 S. Ct. 1257, 19 L. Ed.2d 387 (2015) and determined that Johnson was retroactive and applicable on collateral attack.

On April 23, 2016, only five days after Welch was decided, Mr. Soileau wrote a letter to the Eighth Circuit Court of Appeals seeking help in contacting his trial attorney Mr. Robert Kuchar. That letter was received by the Clerk of the Court on April 28, 2016. On May 4, 2016 the Clerk of the

Court sent a formal letter to Mr. Kuchar that included Movant's letter. See attached EXHIBIT 5.

On May 18, 2016, Laine Cardarella of the Federal Public Defenders Office, did respond to the letter forwarded by the Clerk of the Court for the Eight Circuit Court of Appeals on May 4, 2016. See attached EXHIBIT 6. In her response, Mrs. Cardarella wrote that she had reviewed Mr. Soileau's file and felt that he did not qualify for relief pursuant to Johnson, as such, the Public Defender's Office would not be able to assist in filing a § 2255 motion on his behalf.

Aware that the one-year deadline for filing under Johnson was fast approaching, Mr. Soileau wrote a letter to the Clerk of the Court for the United States District Court, Eastern District of Missouri, in Saint Louis, Missouri on June 12, 2016 seeking an extension of time to get his "2255 motion properly done correctly."[4] See attached EXHIBIT 7. After waiting and receiving no reply to his June 12, 2016 letter requesting an extension of time, Mr. Soileau requested four preprinted § 2255 motions from Education staff to file his own motion before the one year deadline of Johnson.

---

[4]Mr. Soileau inadvertently mailed his June 12, 2016 letter, requesting an extension to file for relief pursuant to Johnson, to the wrong Court. The letter was intended for receipt by this Court.

Mr. Soileau's June 12, 2016 letter was received by the Clerk of the Court for the Eastern District of Missouri on June 21, 2016. The Clerk mailed a reply on June 22, 2016, however, having not heard back on his request for an extension, and fearing he would foreit his chance for relief pursuant to Johnson, Mr. Soileau completed four preprinted § 2255 motions and mailed three to this Court on June 23, 2016. See also footnote 2.

In September, 2016, after not hearing from the Court, Mr. Soileau wrote an inquiry letter to the Clerk of the Court to learn about the status of his previously mailed § 2255 motion(s) from June 23, 2016.[5] A response letter from the Clerk notified Mr. Soileau that he had no pending § 2255 motion filed. Due to his previous § 2255 motion(s) not reaching the Court, Mr. Soileau mailed his own § 2255 motion to the Court for filing in October, 2016. See previous footnote 2. The Clerk of the Court did receive Mr. Soileau's § 2255 re-submission.

While the Government has advanced that Mr. Soileau's § 2255 motion is untimely and should be dismissed, Mr. Soileau offers that the facts of the case, as outlined herein, weigh favorably for granting Mr. Soileau the benefit of the mailbox rule or equitable tolling in this instance. Specifically, the facts support that Mr. Soileau was seeking assistance to file his Johnson claim only days after the decision in Welch. When unable to secure assistance from his prior trail counsel, Mr. Soileau sought to secure an eleventh hour extension from the Court to properly file a pro se Johnson claim. Upon receiving no response to his June 12, 2016 letter seeking an extension, and with all other options exhausted, Mr. Soileau wrote out

[5]See footnote 1

his own § 2255 motion(s) and mailed them to this Court on June 23, 2016, just days before the one year deadline. Such actions, despite limited resources and legal training on the part of Mr. Soileau, are the reasonable diligence required by an incarcerated pro se litigant within this circuit prior to a set deadline expiring, but who then encounters an extraordinary circumstance that prevents that timely filing from occurring.

CONCLUSION

WHEREFORE, based upon the foregoing arguments and exhibits, Mr. Soileau would submit that his § 2255 motion is timely pursuant to the mailbox rule or equitable tolling, and the Government's request for dismissal is without merit in this instance.

Dated this 20 day of February, 2017.

LOUIS SOILEAU

REG. NO. 22824-045

USP TUCSON

P.O. BOX 24550

TUCSON, ARIZONA 85734

LOUIS SOILEAU,

Movant, pro se

# CERTIFICATE OF SERVICE

I certify that I served a copy of Movant's Reply to Government's Response and Suggestion in Opposition to Movant's Motion Under 28 U.S.C. § 2255 upon the attorney of record for the Respondent. Service was effected by depositing said document with prison officials at the United States Penitentiary in Tucson, Arizona for timely forwarding. The copy was sealed in a properly addressed envelope with adequate postage pre-paid.

Dated this 20 day of February, 2017.

LOUIS SOILEAU

REG. NO. 22824-045

USP TUCSON

P.O. BOX 24550

TUCSON, ARIZONA 85734

LOUIS SOILEAU,

Movant, pro se

LOUIS A. SOILEAU
Reg. No. 22824-045
United States Penitentiary - Tucson
PO BOX 24550
Tucson, Arizona   85734

OFFICE OF THE COURT CLERK
U.S. District Court - Western District of Missouri
400 East 9th Street
Room 1510
Kansas City, Missouri   64106

SPECIAL MAIL

SPECIAL MAIL

Case No: 4:11-cr-00013-HFS-1

SHU INMATE