# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

LOUIS SOILEAU,          )
          )
          Petitioner,    )
          )
v.          )    Case No. 4:16-CV-01125-HFS
          )
UNITED STATES OF AMERICA,   )
          )
          )
          Respondent.  )

## PETITIONER'S SUPPLEMENTAL REPLY

COMES NOW petitioner, Louis Soileau, by and through counsel, and submits the following supplemental reply in support of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C § 2255.

## I.
## FACTUAL BACKGROUND

On June 23, 2011, petitioner, Louis Soileau, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based upon petitioner's four prior Louisiana burglary convictions, two of which were for simple burglary, Judge Howard Sachs, on November 3, 2011, sentenced petitioner to the mandatory minimum of fifteen years imprisonment after finding that petitioner was an armed career criminal based on these four convictions pursuant to 18 U.S.C. § 924(e).

Petitioner, thereafter, appealed his sentence to the Eighth Circuit Court of Appeals, arguing that he was improperly sentenced as an armed career criminal because his two convictions for simple burglary did not qualify as predicate violent felonies under 924(e)(1). On August 2, 2012, the Eighth Circuit affirmed petitioner's sentence. *United States v. Soileau*, 686 F.3d 861 (8th Cir. 2012).

On June 23, 2016, the United States Supreme Court issued its decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court in *Mathis* held that the defendant in that case was improperly sentenced as an armed career criminal based upon his Iowa burglary convictions because the elements of Iowa's burglary law are broader than those of generic burglary. *Id.* at 2250-2257.

On October 17, 2016, petitioner filed his present motion for relief from his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). This motion raised a single claim for relief alleging that petitioner was improperly sentenced to a fifteen year mandatory minimum term because his two convictions for simple burglary did not qualify as violent felonies and, as a result, he did not have the three statutorily required violent felonies to justify this sentencing enhancement under 924(e)(1). Although petitioner in his pro se motion cited the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), it is clear that the substance of the claim raised in the pro se petition was a claim for relief under *Mathis*, because petitioner alleged that simple burglary under Louisiana law is

2

broader than generic burglary. (See Doc. 1, p. 4) (See also LSA-R.S. 14:62, attached hereto as exhibit A).

Based upon the aforementioned uncontested facts, as petitioner noted in his recently filed status report, there are three key issues that this Court must decide in adjudicating petitioner's 2255 motion: (1) whether petitioner's 2255 motion was timely filed; (2) whether petitioner has a meritorious *Mathis* claim that would void his fifteen year mandatory minimum sentence; and (3) whether *Mathis* is retroactive. Petitioner will address each of these three issues in turn.

## II.
## PETITIONER'S 2255 MOTION WAS TIMELY FILED

Under 28 U.S.C § 2255(f)(3), a 2255 motion filed by a federal prisoner is timely if it is filed within one year of the date on which the "asserted right was initially recognized by the Supreme Court." As noted earlier, petitioner filed his 2255 motion approximately six months after the *Mathis* decision issued. Although the pro se petition framed the claim for relief as arising from the 2015 decision in *Johnson*, it is clear that the substance of the claim was a *Mathis* claim challenging whether his two Louisiana convictions for simple burglary qualified as violent felonies because the State statute in Louisiana for simple burglary is "is broader

than that of generic burglary." (See Doc. 1, p. 4)[1]. As a result, the present 2255 motion is timely and may be addressed on the merits by this Court.

**III.**
**PETITIONER'S MANDATORY MINIMUM FIFTEEN YEAR SENTENCE IS ILLEGAL UNDER *MATHIS***

18 U.S.C. § 924(e)(1), permits the federal court to sentence a prisoner to a fifteen year mandatory minimum sentence as an armed career criminal if he has three violent felony convictions. At his sentencing and on his direct appeal, petitioner did not challenge the fact that his two burglary convictions of inhabited dwellings qualified as violent felonies. However, petitioner has consistently contested the sentencing court's use of his two simple burglary convictions to enhance his sentence.

In *Mathis*, the United States Supreme Court held that State burglary convictions, whose elements are broader than generic burglary, do not qualify as prior violent convictions that give rise to the ACCA's sentence enhancement. 136 S. Ct. at 2250-2257. The Court in *Mathis* defined generic burglary under federal law as containing the following elements: "an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." *Id.* at 2248. The Court in *Mathis* proceeded to hold that Iowa's burglary statute was broader than generic

---

[1] As a result, it is unnecessary for the Court to address petitioner's arguments, advanced pro se, that the Court should find, under the circumstances, that the motion was filed within a year of the *Johnson* decision.

4

burglary because it reaches a broader range of places including, land, water, or air vehicles. *Id*. at 2250. The Eighth Circuit en banc recently reached the same conclusion regarding Missouri's second degree burglary statute in *United States v. Naylor* 887 F.3d 397 (8th Cir. en banc 2018).

Louisiana's simple burglary statute under LSA-R.S. 14-62, is virtually indistinguishable from the Iowa and Missouri statutes reviewed in *Mathis* and *Naylor*. Like the Iowa and Missouri statutes, simple burglary under Louisiana law includes broader locational elements than generic burglary. This Louisiana statute provides in pertinent part: "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft or other structure moveable or immoveable or any cemetery, with the intent to commit a felony or any theft therein…" (See Exh. A).

In light of the *Mathis* decision, other reviewing courts have found that because the Louisiana simple burglary statute is broader than the generic definition of burglary, simple burglary under Louisiana law cannot count as a predicate conviction to allow a prisoner to be sentenced to the fifteen year mandatory minimum sentence under the ACCA. *See United States v. Hamilton*, 235 F. Supp.3d 1229, 1243-1244 (N.D. O.K. 2017).

Petitioner's two simple burglary convictions do not qualify as violent felonies under the ACCA. It is, therefore, clear that his fifteen year mandatory

5

sentence was illegally imposed because he only has two prior violent felony convictions.

## IV.
## *MATHIS* IS RETROACTIVE

It is well settled that new substantive rules generally apply retroactively to cases on collateral review. *See Schriro v. Summerlin*, 342 U.S. 348, 351 (2004). A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. *Id.* at 353. This definition of substantive includes "decisions that narrow the scope of the criminal statute by interpreting its terms." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In *Welch*, the Supreme Court held that its decision in *Johnson* that narrowed the reach of the ACCA was retroactive on collateral review. *Welch* is the controlling authority in this case. Like the *Johnson* decision, the decision in *Mathis* is substantive because it narrowed the class of persons who are subject to the sentencing enhancement and mandatory minimum sentence required under the ACCA. *Id.* at 1265; *See also Bousley v. United States*, 523 U.S. 641, 620-621 (1998). Like *Johnson*, *Mathis* is also substantive because it "affected the reach of the underlying statute whether than the judicial procedures by which the statute is applied." Id.; *See also Holt v. United States*, 843 F.3d 720, 721-722 (7th Cir. 2016) (holding that the government's concession that *Mathis* is retroactive was correct).

6

## CONCLUSION

For all the foregoing reasons, as well as those reasons advanced in previous pleadings, this Court should grant petitioner's motion, vacate his illegal sentence, and order resentencing.

Respectfully submitted,

/s/ *Kent E. Gipson*
KENT E. GIPSON, Mo. Bar #34524
LAW OFFICE OF KENT GIPSON, LLC
121 East Gregory Boulevard
Kansas City, Missouri 64114
816-363-4400 / fax 816-363-4300
kent.gipson@kentgipsonlaw.com

*COUNSEL FOR PETITIONER*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2019, this reply was filed via the CM/ECF system which sends notification to all counsel of record and a true and correct copy of this reply was mailed to Paul Becker, U.S Attorney's Office, Western District of Missouri, Charles Evans Whittaker Courthouse, 5th Floor, 400 East 9th Street, Room 5510, Kansas City, MO 64106.

*/s/ Kent E. Gipson*
Counsel for Petitioner

7