# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

LOUIS A. SOILEAU,

        Movant,

        v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 16-01125-CV-W-RK
Crim. No. 11-00013-01-CR-W-RK

## STIPULATION AND WAIVER

The following applies to the matter of the motion to vacate sentence, pursuant to 28 U.S.C. § 2255, filed by movant Louis Soileau:

1. On June 23, 2011, Soileau pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Crim. D.E. 26.) On November 3, 2011, the district court sentence Soileau under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to a sentence of 180 months' imprisonment.(Crim. D.E. 37.)

2. It is the Government's policy to waive procedural defenses in the defendant's initial § 2255 petition pursuant to *Johnson v. United States*, 576 U.S. \_\_\_, 135 S.Ct. 2551 (2015). Therefore, the Government waives any procedural defenses, under 28 U.S.C. § 2255(f), related to the timeliness of Soileau's motion. Additionally, while the decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), has not been held to be retroactive, the Government's position is the defendant should be resentenced under the existing case law, that is post-*Mathis*.

3. Soileau had two Simple Burglary convictions under Louisiana Rev. Stat. § 14:62. The statute defined the crime as "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein . . ."Under *Mathis*, this definition of burglary would be overly broad and the defendant's two Simple Burglary convictions would not qualify as a violent felony pursuant to § 924(e)(2)(B)(ii).

3. The parties agree that this Court should vacate Soileau's sentence and the parties have stipulated that this Court should resentence Soileau to 120 months' imprisonment, and 36 months' of supervised release. The parties request that this Court enter a new judgment in the criminal case, reflecting the new sentence of 120 months' imprisonment, with three years' supervised release to follow.

4. Because it is expected that Soileau will be eligible for release immediately or shortly after sentencing, the parties consent to the following addition to the conditions of supervised release: If a viable home plan has not been approved by the U.S. Probation Office by the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days.

5. In consideration of the above stipulations and agreements, Soileau expressly waives his right to appeal his modified sentence, directly or collaterally, and also expressly

-2-

waives his right to a full hearing on his sentence modification and his right to personally appear at a re-sentencing hearing.

6.   The parties further agree that the remaining unaltered provisions of the judgment and conditions of supervised release shall remain in full force.

Respectfully Submitted,

Timothy A. Garrison
United States Attorney

Dated   9/30/2019

Paul S. Becker
Assistant United States Attorney

I am defendant's attorney, and I have fully explained his rights to him with respect to the re-sentencing hearing.Further, I have carefully reviewed every part of this Stipulation and Waiver with him. To the best of my knowledge, Louis A. Soileau's decision to enter into this Stipulation and Waiver is an informed and voluntary one.

Dated   9-29-19

Kent E. Gipson
Attorney for Defendant

-3-

I have consulted with my attorney and fully understand all of my rights with respect to all aspects of the re-sentencing hearing. I have read this Stipulation and Waiver and carefully reviewed every part of it with my attorney. I understand this Stipulation and Waiver and I knowingly and voluntarily agree to it.

Dated    9.26.19             *Louis A. Soileau*
                                             Louis A. Soileau
                                              Defendant

On this **26** day of **September** in the year 2019, before me, personally appeared **Louis Soileau** known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained. In witness whereof, I hereunto set my signature.

Dated    9.26.19             *Louis A. Soileau*
                                             (Print your name and sign here)

*[signature]* CRW

**CASE MANAGER**
AUTHORIZED BY THE ACT OF JULY 7, 1955.
AS AMENDED, TO ADMINISTER OATHS.
18 U.S.C. 4004
*affirmation seal*

-4-