**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

LOUIS A SOILEAU,                                )
                                                )
                        Movant,                 )
                                                )
            v.                                  )        Case No. 4:16-cv-01125-RK
                                                )        Case No. 4:11-cr-00013-RK-1
UNITED STATES OF AMERICA,                       )
                                                )
                        Respondent.             )

## ORDER

Before the Court is the motion to vacate, set aside or correct sentence filed by Louis A Soileau under 28 U.S.C. § 2255.  (Doc. 1.)  The Court held oral argument on the matter on November 12, 2019.  For the reasons below, Soileau's § 2255 motion is **DENIED**, but Soileau is **GRANTED** a certificate of appealability.

## Background

On June 23, 2011, Soileau pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Crim. Doc. 26.)  On November 3, 2011, the district court just previously assigned to this case, Judge Sachs, sentenced Soileau to 180 months' (15 years) imprisonment, the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The presentence investigation report indicates Soileau has four prior convictions.   Soileau appealed the judgment, arguing the government failed to prove he committed three qualifying offenses for purposes of his ACCA sentencing enhancement on the ground that his two Louisiana simple burglary convictions are not qualifying offenses.  The Eighth Circuit conducted a *de novo* review and affirmed in a decision dated August 2, 2012.  In doing so, the Eighth Circuit upheld the district court's finding that Soileau's two Louisiana's simple burglary convictions were qualifying offenses under the ACCA's enumerated offenses clause based on certain documents from the Louisiana cases.

On October 17, 2016, Soileau filed, *pro se*, the pending motion to vacate under 28 U.S.C. § 2255 again arguing that his Louisiana simple burglary convictions are not qualifying offenses under the ACCA.    In support, Soileau cited the Supreme Court decisions in *Johnson* and *Descamps*.   Judge Sachs appointed counsel to represent Soileau.   This case was subsequently transferred to the undersigned.  Soileau, through counsel, filed a status report indicating his desire

to proceed on the ground that his sentence was illegally imposed based on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  On September 12, 2019, Soileau filed supplemental suggestions regarding his § 2255 motion.

**Discussion**

Per Soileau's supplemental suggestions, Soileau seeks relief from his sentence on the ground that his two Louisiana simple burglary convictions are no longer qualifying offense under the ACCA based on *Mathis*.  Without a third ACCA conviction, Soileau argues, he was improperly sentenced and must be resentenced.  The parties have filed a "Stipulation and Waiver" in which they agree that the Court should vacate Soileau's sentence.  (Doc. 24.)  The Government states that per its policy, it waives procedural defenses related to the timeliness of Soileau's motion.  (*Id.* at ¶ 2.)  The Government concedes that *Mathis* has not been held to be retroactive, but takes the position that Soileau should be resentenced under the existing post-*Mathis* case law.  (*Id.*)

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA."  *Hardman v. United States*, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); *see Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding."); *United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014) (requiring the Government to prove at sentencing, by a preponderance of the evidence, that the defendant pled guilty to a qualifying ACCA offense).

**I.      Timeliness of Soileau's Motion**

To begin, Soileau's motion is untimely under 28 U.S.C. § 2255(f).  Because this is Soileau's initial § 2255 motion, § 2255(f) governs the motion's timeliness.  Section 2255(f), set forth here, contains a one-year period of limitations and four possible triggers:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only two of the four listed triggers to the one-year period are at issue, subsections (f)(1) and (f)(3). There is no indication that Soileau has been prevented from making this motion, and Soileau makes no showing that this claim relies on facts that could not be discovered through due diligence until a date later than when this ruling became final. *See* § 2255(f)(2) & (4).

Pursuant to § 2255(f)(1), Soileau's judgment became final 90 days after the Eighth Circuit's ruling on direct appeal became final. *See* § 2255(f)(1); *United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (a conviction becomes final ninety days after the Eighth Circuit's ruling on direct appeal). The Eighth Circuit Court issued its formal mandate on September 24, 2012. As a result, the ruling became final on December 23, 2012, and the claim was barred by the one-year limit under § 2255(f)(1) on December 23, 2013.

Soileau argues that his motion was timely filed pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Mathis*. Soileau is incorrect. "*Mathis* is not retroactively applicable to cases on collateral review. It was a statutory interpretation case, not a substantive constitutional challenge under the Due Process Clause." *Marshall v. United States*, No. 4:17-CV-1350 CDP, 2017 U.S. Dist. LEXIS 126916, at *2-3 (E.D. Mo. Aug. 10, 2017) (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)); *Sotelo v. United States*, 922 F.3d 848, 854 (7th Cir. 2019) (*Mathis* cannot satisfy 2255(f)(3)'s requirement, citing *Holt v. United States*, 843 F.3d 720, 722); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (*Mathis* did not announce a new rule for purposes of 2255(f)(3)); *Matau Jawan Goins v. United States*, No. 16-6826, 2017 U.S. App. LEXIS 27497, at *3 (6th Cir. June 26, 2017) (same); *Farley v. United States*, No. 17-13250-F, 2018 U.S. App. LEXIS 31100, at *5 (11th Cir. Nov. 1, 2018) (same); *see also United States v. Evenson*, 864F .3d 981, 2017 U.S. App. LEXIS 13687, 2017 WL 3203547 (8th Cir. July 28, 2017) ("As the Supreme Court presented it, the decision [in *Mathis*] simply reflected the 'straightforward' application of decades of precedent.").

Therefore, Soileau's motion is untimely because he did not file it until October 17, 2016, well-after the one-year period under § 2255(f)(1). Soileau makes no argument for equitable tolling of the statute of limitations. However, the Government has waived its procedural defenses related

to the timeliness of Soileau's motion. *See Martinez v. United States*, 423 F. App'x 650, 650 (8th Cir. 2011) (government may waive statute of limitations defense in 2255 matter). Although the Court is not at liberty to disregard the Government's choice to waive the statute-of-limitations defense, *see Day v. McDonough*, 547 U.S. 198, 205, 209, 211 n.11 (2006), Soileau's motion fails on the merits.

## II.     Merits of Soileau's Motion

Regardless of whether the motion was timely, Soileau's motion fails on the merits. Section 922(g) offenses generally carry a maximum punishment of 10 years in prison. 18 U.S.C. §§ 922(g), 924(a)(2). The ACCA, however, imposes a mandatory 15-year minimum prison term for an offender who has three prior convictions "for a violent felony or a serious drug offense[.]" § 924(e)(1). Relevant here, under the ACCA's "enumerated offenses clause," a prior felony burglary conviction qualifies as a "violent felony." § 924(e)(2)(B).

The Supreme Court had construed "burglary" in the enumerated offenses clause to mean "generic burglary." *Taylor v. United States*, 495 U.S. 575, 577, 598 (1990). The *Taylor* Court defined generic burglary for the purposes of the enumerated offenses clause as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. The *Taylor* Court also held that in deciding whether a prior conviction counts as generic burglary, a sentencing court should generally apply the categorical approach, looking only to the fact of conviction and the statutory definition of the prior offense. *Id.* at 600. However, when the statute of conviction is broader than generic burglary, a sentencing court should apply the modified categorical approach, looking to a limited set of documents to determine the elements underlying the defendant's conviction. *Id.* at 602 (recognizing an exception to the categorical approach); *see Descamps v. United States*, 570 U.S. 254, 261 (2013) (*Taylor's* exception to the categorical approach later dubbed the modified categorical approach). A prior offense counts as ACCA burglary under the enumerated offenses clause if either under the categorical approach, its statutory definition substantially corresponds to, or is narrower than, the elements of generic burglary, or, under the modified categorical approach, the limited set of documents show the conviction actually involved findings of the elements of generic burglary. *Id.*; *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016).

In the Supreme Court's 2016 *Mathis* decision, it emphasized that "the modified approach serves—and serves only—as a tool to identify the elements of the crime of conviction when a

statute's disjunctive phrasing renders one (or more) of them [too broad]." 136 S. Ct. 2243, 2253 (2016). "It is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense." *Id.* at 2254. Under *Mathis*, to answer the crucial elements versus means inquiry, one looks to state law. For example, in *Mathis*, the Supreme Court analyzed an Iowa burglary statute and found that the State Supreme Court had definitively held the statute's listed locations were alternative means, not elements. *Id.* at 2256. "[I]f state law fails to provide clear answers," the *Mathis* Court explained, the sentencing court can "peek" at the record of the prior conviction itself to see whether those documents provide a clear indication. *Id.* at 2256-57. Where neither the state law nor the prior conviction record "speak plainly" on the elements versus means inquiry, the prior conviction does not qualify as generic burglary under *Taylor*. *Mathis*, 136 S. Ct. at 2257 (citing *Shepard v. United States*, 544 U.S. 13, 21 (2005)) (in cases where state law is indeterminate and records of the prior conviction do not "speak plainly, . . . a sentencing judge will not be able to satisfy '*Taylor*'s demand for certainty' when determining whether a defendant was convicted of a generic offense.").

Here, Louisiana defines "simple burglary" as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein . . ." Louisiana Rev. Stat. § 14:62.[1] The statute covers a broader range of places than "a building or structure" in generic burglary due to its inclusion of "vehicles," "watercrafts," and "cemeteries." *See e.g.*, *United States v. Simon*, 153 F. App'x 326, 327 (5th Cir. 2005) (Louisiana's simple burglary statute is broader than generic burglary). Under *Mathis*, because the Louisiana simple burglary statute contains a disjunctive list of locations rendering its locational element overbroad, the decisive inquiry is whether the listed items are elements or means. 136 S. Ct. at 2256. If the listed locations are alternative elements, the statute is divisible and the Court can apply the modified categorical approach to determine if the conviction actually involved findings of the elements of generic burglary. If the listed locations are alternative means, the analysis ends because the statute is both overbroad and indivisible, which means no conviction under the statute is generic burglary.

---

[1] This Court's references to the Louisiana simple burglary statute are to the 2006 version. Soileau was charged with Louisiana simple burglary in 2000 and 2006. The only difference between the 2000 and 2006 version of the simple burglary statute is the 2006 version's addition of cemetery to the list of locations.

Prior to *Mathis*, the Fifth and Eighth Circuits treated the Louisiana simple burglary statute as divisible and, applying the modified categorical approach, found Louisiana convictions for simple burglary qualified as generic burglary under *Taylor* where certain documents indicated the existence of a building or structure. *United States v. Cutley*, 476 F. App'x 429, 430 (5th Cir. 2012); *Simon*, 153 F. App'x at 327; *United States v. Demint*, 74 F.3d 876, 877 (8th Cir. 1996). However, after *Mathis* (as of November 2019), the law remains unsettled whether convictions under Louisiana's simple burglary statute qualify as generic burglary under *Mathis'* analysis for determining whether a statute's listed locations are alternative elements or means. *United States v. Courtney*, No. 19-30053, 2019 U.S. App. LEXIS 33352, at *2, 4 (5th Cir. Nov. 6, 2019) (there is no settled law addressing the issue of whether Louisiana simple burglary is generic burglary); *cf. Farkas v. Kizziah*, 2019 U.S. Dist. LEXIS 118072, *13 n. 4 (E.D. Ken. July 16, 2019) (finding Louisiana simple burglary statute contains means but noting that it "might actually be a closer question than it seems at first blush" in part because the Louisiana Supreme Court has held that its constitution requires the location of the burglary to be set forth in the indictment), *with State v. Fontenot*, 207 So. 3d 589, 602 (La. Ct. App. Nov. 2, 2016) (describing trial court's instructions on Louisiana simple burglary charge as containing alternative "theories"—that is, that the defendant entered into a structure or vehicle).

In support of his position that his convictions for Louisiana simple burglary no longer qualify as generic burglary, Soileau relies on an Oklahoma district court's post-*Mathis* decision, *States v. Hamilton*, 235 F. Supp. 3d 1229 (N.D. Okla. Jan. 25, 2017). The Court finds this decision of little persuasive value, however, because the district court's ruling in *Hamilton* relied on general principles in *Mathis* without discussing Louisiana case law. *Id.* Without more persuasive law or analysis addressing the issue of whether the Louisiana simple burglary statute's listed locations are alternative elements or means, Soileau does not establish, by a preponderance of the evidence, that his two Louisiana simple burglary convictions are no longer qualifying offense under the ACCA based on *Mathis*.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." This requires showing that "reasonable jurists" could find the Court's decision to be "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation marks and citations omitted). Given the

6

shifting legal landscape of ACCA (or generic) burglary and that two other district courts addressing prior convictions for Louisiana simple burglary have held that they do not qualify as generic burglary, the Court grants Soileau a certificate of appealability. *Hamilton*, 235 F. Supp. 3d 1229; *Farkas*, 2019 U.S. Dist. LEXIS 118072.

### Conclusion

Accordingly, Louis A. Soileau's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, but Soileau is **GRANTED** a certificate appealability.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 2, 2019