1

<pre>
                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF MISSOURI


LOUIS A. SOILEAU,

        Movant,                    Docket No. 4-16-cv-01125-RK

    v.
                                   Kansas City, Missouri
UNITED STATES OF AMERICA,          November 12, 2019

        Respondent.
                     ...........................
                  TRANSCRIPT OF ORAL ARGUMENT
             BEFORE THE HONORABLE ROSEANN KETCHMARK
                  UNITED STATES DISTRICT JUDGE



APPEARANCES:

 For the Movant:              Mr. Kent E. Gipson
                              121 East Gregory Boulevard
                              Kansas City, Missouri 64114


 For the Respondent:          Mr. Paul S. Becker
                              United States Attorney's Office
                              400 East 9th Street
                              Suite 5510
                              Kansas City, Missouri 64106




    Proceedings recorded by machine shorthand, transcript
produced by computer-aided transcription.
</pre>

                     Jean M. Crawford, RDR, CRR
                     United States Court Reporter
                     400 East Ninth Street, #8420
                     Kansas City, Missouri 64106
                           816.512.5642

(Proceedings commenced at 2:11 p.m.)

THE COURT: This afternoon, the Court is taking up civil case 16-1125 and criminal case -- related criminal case 11-13-01. Will the parties please enter their appearances.

MR. BECKER: United States by Paul Becker, Assistant US Attorney. Good afternoon, Judge.

THE COURT: Good afternoon.

MR. GIPSON: Good afternoon, Judge. Kent Gipson for Movant Louis Soileau.

THE COURT: And is he on speaker phone, or is he waiving his appearance?

MR. GIPSON: He's waiving his appearance.

THE COURT: Okay. Today we are taking up the stipulation and waiver presented to the Court. And the question that I have is in reading the transcripts of Mr. Soileau -- is that how you say it?

MR. GIPSON: I think it's Soileau.

THE COURT: Soileau.

MR. GIPSON: I'm not very good at the Cajun dialect.

MR. BECKER: Soileau.

MR. GIPSON: I'll defer to Mr. Becker on that.

MR. BECKER: I've had the case longer.

THE COURT: All right. It seems as though the parties are asking the Court to apply *Mathis* retroactively and resentence Mr. Soileau in that he was sentenced with his ACCA

predicate offenses under the enumerated clause versus the residual clause.

I don't think there's -- am I correct that the defense concedes that the simple burglaries were pursuant to the enumerated clause versus the residual clause in looking at the arguments of the sentencing hearing arguments on October 27th, 2011, by Bob Kuchar on page 13 of the transcript?

MR. GIPSON: I'm not -- it's been a while since I've looked at that. But this is a predicate felonies clause rather than the residual clause. It's a *Mathis* issue not a *Johnson* issue.

THE COURT: All right. And so I'm unsure I have authority to resentence someone pursuant to *Mathis*, which is not retroactive and am curious, what is the Court's authority to do this? Mr. Becker?

MR. BECKER: Judge, as you can see from my colleagues here, we have spent many hours going and reviewing this. It's not as simple and straightforward as, certainly, our stipulation put forward. The key factor is that this is an initial 2255 petition by the defendant and not a successive 2255 petition. The latter -- and in the direction we received from the Court talked about the authority of the Court and the prevailing legal environment. That is from a case last year, *Walker versus United States*, that talked about -- it was a successive petition.

And that then causes 2255(h), the gatekeeping function, to be applicable. If it's a successive 2255 and it does not get through the gate of being a new rule of constitutional law made retroactive by the Supreme Court, then the Court is barred from hearing the case.

Fortunately for Mr. Soileau, he never filed a 2255. This is his initial 2255. It would be time barred by the one-year rule, not being made within one year of *Mathis*. And *Mathis* isn't retroactive. Although it would be applicable if it was an ongoing case. The government, in its memorandum from the department, the appellate division, directs us that in the area of retroactivity, it says the Supreme Court decision in *Mathis* is retroactive to cases pending on direct appeal. It also applies on collateral review. Although as explained below, because *Mathis* claims are statutory and not constitutional, they cannot support an order authorizing the filing of a second or successive motion.

Then the direction on first 2255s, both statutory *Mathis* and constitutional *Johnson* claims are cognizable on the first section 2255 motion. If the defendant is ACCA ineligible under the current law, prosecutors should waive all procedural defenses and agree to relief.

THE COURT: Even if untimely filed?

MR. BECKER: That is what we're directed to do as a procedural defense that if the defendant is in a posture of his

first 2255 -- the government certainly could have said this is not timely, you're out of luck -- we are directed nationwide to take the position that we waive that procedural bar to the defendant seeking relief under 2255 and *Mathis* and all of the cases thereafter that have interpreted what form of burglary is no longer a crime of violence or a violent felony.

So, again, after many hours of discussions with my colleagues, that's as -- basically how we boil it down to the status of this case before this Court.

THE COURT: All right. And so in your pleading that you are directed, that's a DOJ directive versus a local rule, rule of the -- rules, statutes?

MR. BECKER: It's a memorandum to all federal prosecutors from Patty Merkamp Stemler, chief of the appellate section, United States Department of Justice, dated September 7, 2016.

THE COURT: And so then the Court's authority would be the --

MR. BECKER: Court can reject our waiver. Court can -- we believe the Court has authority to rule on this 2255. It does not -- it is not barred by the provisions of 2255(h), the gatekeeping function, wherein the defendant would have to receive permission for the Court of Appeals to file a successive 2255 on a rule of constitutional law made retroactive by the Supreme Court.

THE COURT: And under the standard initial 2255 that's timely filed, what provision allows the Court to go ahead and proceed with an untimely 2255? Is it because no one -- because the government waives the procedural default?

MR. BECKER: Yes, Your Honor.

THE COURT: And what is your authority for that? Do you cite a case or --

MR. BECKER: The direction from the Department of Justice. We can take a legal position that we believe would give equitable relief. And I believe that was the intent of the memorandum when *Mathis* -- *Johnson* and then *Mathis* came out.

THE COURT: But just as a -- under statutes and rules, if the government waives any procedural default, that is sufficient for the Court to take up an untimely 2255?

MR. BECKER: Yes.

THE COURT: All right. Then secondly, if we get past that, from my research, it's not very clear that that statute is --

MR. BECKER: Overly broad.

THE COURT: Well, that there's means versus elements. It seems as though -- I'm not sure what the Louisiana Constitution that requires the location to be noted, if that then makes that an element because it must be described, the location. I didn't pull the Louisiana Constitution. Did you, by chance?

MR. BECKER: I did not. We did collectively review all of the cases post *Mathis* on simple burglary. And it, frankly, appears the government's waived in each of those instances -- conceded in each of those cases that it would not be a divisible statute and, therefore, it's overly broad. It includes cemeteries where people don't sleep or reside.

THE COURT: In finding that it's means and that, therefore, you -- it's totally overinclusive --

MR. BECKER: Right.

THE COURT: -- and it can never be a predicate offense.

MR. BECKER: Correct.

THE COURT: And I know there's a case out of Oklahoma and Kentucky. Oklahoma -- I don't know if it specifically finds that it's means versus elements, but the Kentucky case refers to the Oklahoma case and then says but it's a close call.

MR. BECKER: There's a footnote there that says, you know, this can go either way, but the government conceded on it.

THE COURT: And I think what's most instructive is what Louisiana state courts find in their rulings, whether it's elements or means. It seems as though, as we have gone through this *Mathis* in the country, that the state court of the offending predicate offense is what is most instructive as to

means and elements. Is that off base, or do you agree with that?

MR. BECKER: Certainly on base. I'm not sure -- I did not look at that, whether -- you know, as you started out in the case talking about whether or not the pleading has to list the location as an element of the offense. As, obviously, the Court did, we looked at all the federal cases interpreting that statute and whether or not post *Mathis* that qualifies as a crime of violence or violent felony. So I don't have an answer on how it's treated in state court, Louisiana state court.

THE COURT: So the Court would have to accept the government's waiver of procedural error of being untimely filed and then follow the persuasive Oklahoma opinion that --

MR. BECKER: We certainly would urge the Court to do that. The Court can reject the government's waiver and say this is untimely and, you know, stay in jail for another five years or so, whatever -- seven years. I mean, that's, essentially, the position of the case.

THE COURT: Accepting the procedural waiver would be more persuasive if it were more definite that these simple burglaries, where their locations are in the charging document and need to be in the charging document, have been ruled by a precedent they don't qualify. I'm kind of having to do two --

MR. BECKER: I think the problem, or the challenge is that other courts haven't written on this issue because the

government's conceded it. I mean, I think that, essentially, is the posture of many of these cases. We've went through hundreds of *Johnson* cases and --

THE COURT: And I appreciate that. And I so much respect your office for, you know, their professionalism. What concerns me is that there are some cases where there are burglaries in the second degree that are so much more violent than stealing a lawnmower from a shed, yet that can be interpreted as that is a predicate offense and -- one case that I had under the *Johnson* was breaking in through a window and trying to -- attempting to rape the girlfriend's mother. And that was found to not qualify as a predicate offense. But if he would have stole a lawnmower out of the shed, he would qualify.

And I -- because so many of these burglaries in the second degree have been reduced in so many cases. And the spirit of ACCA is so inconsistent with burg 2s not qualifying as ACCAs that it rubs counter to the intent of ACCAs. And that's where in most all of my rulings why -- I don't know that I have a bee in my bonnet, but the dangerousness of burg 2s is understated in so many of these situations. And I'm singing to the choir.

MR. BECKER: It's a longstanding discussion we've had. The Eighth Circuit, for many, many years, was the only circuit that -- that burglaries of a commercial building

weren't violent felonies. And the other circuits -- Mr. Clark used to remind me, the other circuits all went the other way. And -- but clearly, when you were convicted of burglary and the enumerated offenses said burglary, we thought we were okay. But now, as we work through this line of *Mathis* cases, *Mathis* turned all that on its head.

So I'm not quite sure about the lawnmower in the shed. But I do know if you looked at the facts of the majority of these burglaries, they're violent felonies. But we don't -- we're not allowed to look at the facts of the case. We look at the statute. We analyze the statute. And then if there's aggravating factors, we argue to the Court there's reasons to go above the guidelines or there's reasons to, you know, have a more severe sentence. So that's -- that's what -- we got *Mathis*, and we have to deal with it.

THE COURT: Let me ask you, the two predicate simple burglaries were -- in 2000 and 2006 were the criminal activity. Do you have the statute for 2000 and 2006?

MR. BECKER: I have 2006. I'm told the difference is the more recent statute had cemetery. And this is marked as Exhibit A.

THE COURT: And I saw the one where it has cemetery, and I thought that that was relevant statute. So tell me again, what is the date of the statute that you're showing?

MR. BECKER: This would have been the more recent

statute, most recently enacted 2001.

THE COURT:  So that was the one that was applicable at the time of the offense in 2006 --

MR. BECKER:  Correct.

THE COURT:  -- and at the time of sentencing in 2006?

MR. BECKER:  Right.  And before that -- and I don't have it with me -- the addition was cemetery to the previous statute.  Although we -- it would be arguable that if it's not divisible, this is overly broad because it's dwelling, vehicle, watercraft, or other structure, movable or immovable.  So we could have railcars.  We could have a canoe.

THE COURT:  I'm not finding my statute right now. Do you have a copy of the 2001 statute that you can show me?

MR. BECKER:  Yes.

THE COURT:  So your argument must hinge on this is not divisible and it's overinclusive.  Correct?

MR. BECKER:  Yes, Your Honor.

THE COURT:  But you don't -- I mean, you concede that burglary of a building with an intent to commit a crime is generic burglary.  You can have generic burglary in this overinclusive statute, correct?

MR. BECKER:  Correct.  And I do have, in a memorandum that one of our law clerks did some time ago, the Louisiana statute prior to the amendment.

THE COURT: Okay.

MR. BECKER: It's at the bottom of this first page. It's essentially the same statute without cemetery.

THE COURT: So they added cemetery in 2001?

MR. BECKER: Yes.

THE COURT: And I could see if Louisiana Constitution said you need to include the location, and the location has to be simply like Western District of Missouri or District of Louisiana that that doesn't equate to make this statute -- you know, the elements that it would be divisible. But I didn't look up the constitution where the language requires the charging documents to include location.

MR. BECKER: We'd have to get Abe McGull up here to talk about Louisiana law, Judge. He would be our expert.

THE COURT: All right. Let me let counsel for Mr. Soileau make any arguments.

MR. GIPSON: That's better than I can do on pronouncing his name. I largely agree with Mr. Becker except on one issue. I don't think there's any issue that this petition was timely filed because it was filed within a year of the *Mathis* decision in 2016. And, therefore, it's timely under 2255 subsection (f)(3) that says that a petition is timely if it's filed within one year of the date of which the asserted right was initially recognized by the Supreme Court. So I don't think there is a time bar.

On the merits, I think it's pretty clear that the Louisiana burglary statute is broader than generic burglary. Therefore, there's a *Mathis* violation.

And, third, on retroactivity, that's only a prerequisite on successive petitions. In fact -- and it's -- I think it's very clear, as I set forth in my reply -- or supplemental reply that was filed on September 12th, that *Mathis* will be held to be retroactive and has been by lower federal courts for the same reason that *Johnson* was retroactive, because it narrows the reach of a criminal statute. Therefore, it's substantive, and it's clear under well-settled law that it is retroactive.

And since this is not a successive petition, the Supreme Court does not have to declare it retroactive before a court can address a successive petition, since this is his first petition. So I don't think there's really any necessity to get into the waiver issue, although it's very clear in -- mainly in 2254 cases that a state can waive procedural bar, retroactivity bars. There's two cases that I'm familiar with out of Arkansas in 1995, *Ford versus Norris* and *Miller versus Lockhart*, where the Eighth Circuit held that procedural bar can be waived in a 2254. And, obviously, 2255 is the federal court equivalent of that. So I think it's a relatively straightforward case.

And I know I cited a Seventh Circuit case where the

government also conceded that *Mathis* is retroactive. And I think if you look at the case law going all the way back to the *Bailey* and *Bousley* decisions involving use of a firearm cases, those were all held -- that was held to be retroactive for the same reason, because it limited the reach of a federal criminal statute. And in every such case, they have been held to be -- those types of decisions have held to be retroactive.

So -- and I think Mr. Becker was correct in conceding error in this case. I have limited experiences in 2255s, but this is a fairly routine thing that happens in state court in 2915s. If the state thinks you have a winning issue, oftentimes, they'll concede error in exchange for either a guilty plea or a resentencing to give the guy a little bit of a break on his sentence. I just did one of those a couple years ago in Jackson County. And it's a fairly straightforward procedure.

And I see no reason not to go ahead and follow the stipulation. Mr. Soileau has done nearly nine years in this case. I think under any sense of proportionality, he's been severely punished for what he did. And looking back at the facts of his case and his criminal record, I don't think he's a -- any of his prior convictions are particularly aggravated. I don't know if Mr. Becker would disagree with me or not. But I don't think he's ever committed a true act of violence in any of his prior convictions. Although having a gun is not a -- is

a serious crime when you're a convicted felon, I don't think there's any evidence he ever harmed anybody.

He's also arranged to go back to Louisiana and live with his 75-year-old mother outside of Lafayette. And he's got two daughters who are teenagers who have never met their father. And they're currently in state custody because of their mother's situation. So I think Mr. Becker was entirely right to concede error in this case. And I think it can be accomplished today, if possible, I think just with a short order granting the 2255 and then issue a new judgment and sentence, which we've waived his right to be here.

THE COURT: What is your best precedent authority that sets forth the statute -- sets forth means versus elements?

MR. GIPSON: Well, I think *Mathis* itself. Then there's this Oklahoma district court case that -- *United States versus Hamilton*, which I cite at page 5 of my reply, where an Oklahoma district court judge found that the Louisiana statute is broader than generic burglary and, thus, violates *Mathis*. And so I think the elements -- I think any -- the elements of the events are what -- in any burglary case is what structure or dwelling or boat or cemetery or whatever is the -- is where you effected the unlawful entry. So I think that's definitely elements. And I think it's pretty clear cut, at least in my mind, that the Louisiana statute violates *Mathis*. I've also

found -- there's a lot of unpublished --

THE COURT: So why is it means versus elements?

MR. GIPSON: An element of any burglary is that you enter -- enter whatever dwelling or boat or whatever for -- unlawfully. And, usually, that means for purposes of committing a crime, usually stealing.

THE COURT: Is a building, in your opinion, a locale that is part of generic burglary? I guess my point is is that he was charged with entering a building and committing theft. And if those are the elements, why isn't that a predicate offense? Where are you getting that it's means?

MR. GIPSON: Well, it's because of *Mathis*. *Mathis* sort of puts the -- clearly holds that you don't look to what the particular defendant did. You look at statute. And if the statute under which the defendant was convicted is broader than generic burglary, then you cannot use that as a predicate offense. And I think that's -- it's as simple as that. I mean, you don't --

THE COURT: What about if the statute is divisible?

MR. GIPSON: *Mathis* does not permit a court to do that, in my opinion.

THE COURT: To acknowledge a statute can be divisible?

MR. GIPSON: Not under *Mathis*. I don't understand what you mean by divisible.

MR. BECKER: Well, there's a line of cases that if the statute is structured, you know, A, dwelling; B, watercraft; C, railroad car, then the analysis would be it's divisible. And, therefore, it may survive an analysis of *Mathis*.

MR. GIPSON: Okay. I think with Mr. Becker's help, I think I understand what you're saying now. But if you look at the statute, it's all -- there's no different subsections. It's all in the same subsection A of the Louisiana statute that there -- this is what defines simple burglary very -- very clearly. So I don't think there's -- it's divisible.

But I think for purposes of why we're here today, I think it's -- I've been doing this a long time, and I think, normally, when both parties agree to a fair disposition of the case, it would take an extraordinary situation for a court to reject it. And I don't think there's anything extraordinary at all about the facts of this case, particularly in light of the fact that he's been in prison almost nine years.

THE COURT: I hear you. And my only point was you're asking the Court to find that Louisiana simple burglary is not a divisible statute. And I'm simply asking you for the authority for me to rule that way. And you've given me generally *Mathis* and a persuasive case in Oklahoma. And I guess that's the best authority you have.

MR. GIPSON: I don't think it's really necessary to

18

get into the weeds on that. I mean, you can simply sign -- sign an order something to the effect of -- I prepared one in a 2915 that by agreement of the parties, the motion pursuant to 2255 is granted. The Court will issue -- the sentence is vacated, and the new judgment and sentence will issue forthwith this order. And this can be accomplished without getting into all these other issues.

THE COURT: Just make it one vague order and not really disclose what grounds?

MR. GIPSON: I don't think it's really necessary. I mean, sometimes simple is best.

THE COURT: All right. Anything further from the government?

MR. BECKER: No, Your Honor. I think you hit the nail on the head when you just summarized it as the Louisiana statute itself and the limited authority we have from some district courts.

THE COURT: All right. Anything further, Mr. Gipson?

MR. GIPSON: No, Your Honor.

THE COURT: Okay. Thank you for indulging me with these arguments. We'll be in recess.

(Proceedings concluded at 2:44 p.m.)

                              *  *  *  *  *

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

January 28, 2020


/s/Jean M. Crawford
JEAN M. CRAWFORD, RDR, CRR
United States Court Reporter